[S. F. No. 1016.   Department One.—March 2, 1899.]

THEODORE FOX, Appellant, v. JOHN W. MACKAY et al., Respondents.

MINING CORPORATION—ACTION BY STOCKHOLDERS—FINDINGS—SUPPORT OF JUDGMENT.—In an action by a stockholder of a mining corporation to recover from a defendant stockholder for the benefit of the corporation, made defendant, a payment of fifty thousand dollars, out of which it is alleged that the defendant stockholder conspired to defraud, and did defraud, the corporation, with the aid and connivance of its directors, if the court, upon issue joined with the defendant stockholder, finds that the expenditure was made for unusual and extraordinary services of the superintendent of the company in extinguishing a fire of long standing in the lower levels of the mine, outside of his ordinary duties as superintendent, and that the defendant stockholder committed no fraud, that he was not a conspirator or member of the board of directors, and was profited in no way by the transaction, but was an entire stranger thereto, the findings are sufficient to show his non-liability, and to sustain a judgment in his favor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. G. Sieberst, for Appellant.

W. E. F. Deal, and Edmund Tauszky, for Respondents.

GAROUTTE, J.—This action is brought by Theodore Fox, a stockholder of the Consolidated California and Virginia Mining Company, against John W. Mackay and the aforesaid corporation.   The action is prosecuted by Fox, as he alleges, in the

interest and for the benefit of the corporation. The gist of the cause of action alleged against Mackay is, that he conspired to defraud, and did defraud, the mining company, with the aid and connivance of its board of directors, out of the sum of fifty thousand dollars. It is now sought by this appeal to compel him to replace that amount of money in the treasury of the company. The basis of plaintiff's claim is found in the payment to one W. H. Patton, an employee of the company and superintendent of the mine, of the sum of fifty thousand dollars, in four monthly installments of twelve thousand five hundred dollars each. This money was paid to Patton under a resolution of the board of directors reciting that it was done in consideration of the extraordinary and valuable services rendered to the company in the extinguishment of a fire of long standing in the lower levels of the mine. The denials of Mackay's answer to these various charges of fraud were full and complete, and, upon the submission of the cause under the evidence and argument, findings of fact were made by the trial judge supporting all along the line the position of defendant Mackay. This appeal is now prosecuted by plaintiff from the judgment based upon those findings.

Upon this appeal there appears to be but a single point urged for the reversal of the judgment, and that point is somewhat vaguely made and pressed with but little enthusiasm. We assume the point to be that the findings of fact do not support the judgment. But upon an examination of those findings we see nothing to justify this contention, and appellant's counsel has failed to particularize in that regard. The findings of fact are full and substantially contain a detailed history of the transaction of which complaint is made. If the claim of appellant be that the superintendent was already an employee of the company at the time these services were performed in extinguishing the fire, and that for such reason the services were done under his original and ordinary employment, then a complete answer to such claim is found in the finding of fact that "said services of said Patton in extinguishing said fire were valuable, efficient, unusual, and extraordinary services, and were outside of his ordinary duties as such superintendent." But, aside from this fact, we find other findings which cut away below any question of the power of the board of directors looking toward an ap-

propriation of this large sum of money for the payment of these services.   Those findings of fact are to the effect that Mackay committed no fraud; that he was not a conspirator; that he was not a member of the board of directors of the mining company; that he in no way profited by the transaction, and was an entire stranger to the whole matter from start to finish.

Upon this state of facts a judgment of nonliability upon his part has ample support and should be affirmed.

It is so ordered.

Harrison, J., and Van Dyke, J., concurred.